**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL CASE NO. 1:09cv247**

| | | |
|---|---|---|
| **OCWEN FEDERAL BANK FSB,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **RAS SELASSIE BRYSON,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's filing entitled "Notice of Removal and Motion for Declaratory Judgment." [Doc. 1]; the Defendant's Application to Proceed In District Court Without Prepaying Fees or Costs [Doc. 2]; and for a review of this action pursuant to 28 U.S.C. § 1915(e)(2).

On July 9, 2009, the Defendant Ras Selassie Bryson filed a document entitled "Notice of Removal and Motion for Declaratory Judgment" [Doc. 1], but did not pay the required filing fee. The Defendant seeks instead to proceed without prepayment of fees or costs. [Doc. 2]. Upon review of the Defendant's Application to Proceed In District Court Without Prepaying Fees or Costs [Doc. 2], the Court finds that the

Defendant is unable to make prepayment of the required fees and costs and that the Application should be allowed.

Because the Defendant seeks to proceed in forma pauperis, the Court must examine the removal petition to determine whether this Court has jurisdiction and to ensure that the removal petition is not frivolous or malicious. See 28 U.S.C. § 1915(e)(2)(B); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) ("Under 28 U.S.C.A. § 1915(e), which governs IFP filings in addition to complaints filed by prisoners, a district court must dismiss an action the court finds to be frivolous or malicious or that fails to state a claim."). "A defendant fails to file a proper petition when it appears certain that the notice of removal fails to show jurisdiction or fails to show that removal is proper." Fuller v. Evans, No. 1:05CV00013, 2005 WL 1743955, at *1 (M.D.N.C. Mar. 24, 2005).

The Defendant's "Notice of Removal and Motion for Declaratory Judgment" is defective for a number of reasons. First, the Defendant has failed to show that there is any basis for the Court to exercise jurisdiction over this case. A defendant may remove an action from state court to federal court only if there is original jurisdiction in federal court over the

action. 28 U.S.C. § 1441(b). In her "Notice of Removal," the Defendant asserts that the Plaintiff Ocwen Federal Bank FSB has violated a number of federal laws by instituting foreclosure proceedings against her. [Doc. 1 at 1]. The assertion of a defense based on federal law, however, is not an adequate basis for removal. Rather, the Defendant must show that the underlying complaint raises a federal question. See Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005) ("Under the firmly settled well-pleaded complaint rule . . ., merely having a federal defense to a state law claim is insufficient to support removal, since it would also be insufficient for federal question jurisdiction in the first place."). Because the Defendant has failed to show that the underlying complaint implicates this Court's federal question jurisdiction, her attempt to remove this action is improper.

Additionally, it appears from the Defendant's filing that the state court entered an order permitting foreclosure on May 15, 2009. [See Order Permitting Foreclosure, 08 CVS 1349, Doc. 1-2]. In filing the removal petition and purportedly asserting a counterclaim for declaratory judgment, the Defendant seeks to have this Court review this final state court decision. Under the Rooker-Feldman doctrine, this Court is prohibited from engaging in any such review. See Adkins v. Rumsfeld, 464 F.3d 456, 463

(4th Cir. 2006) ("The Rooker-Feldman doctrine . . . prohibits lower federal courts from exercising appellate jurisdiction over final state-court judgments.") (citation and internal quotation marks omitted).

Furthermore, a notice of removal of a civil action must be filed within thirty days after receipt of the complaint by the defendant or 30 days from the service of the summons on the defendant, whichever is shorter. 28 U.S.C. § 1446(d). In the present case, it is unclear from the Defendant's filings when the underlying state court action was instituted, but these filings do indicate that the state court's order permitting foreclosure was entered on May 15, 2009. [Doc. 1-2]. The Defendant, however, did not file her notice of removal until July 9, 2009, nearly two months later. Thus, the Defendant's removal petition is untimely.

For the foregoing reasons, the Court concludes that the Defendant's attempt to remove this action is frivolous, and thus, the pleading styled "Notice of Removal and Motion for Declaratory Judgment" should be dismissed.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's Application to Proceed In District Court Without Prepaying Fees or Costs [Doc. 2] is **ALLOWED**.

**IT IS FURTHER ORDERED** that the Defendant's "Notice of Removal and Motion for Declaratory Judgment" [Doc. 1] is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). This matter is hereby **REMANDED** to the Henderson County General Court of Justice, Superior Court Division, for such proceedings as may be required.

**IT IS SO ORDERED.**

Signed: July 14, 2009

Robert J. Conrad, Jr.
Chief United States District Judge